**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI,
WESTERN DIVISION**

L.P. JOHNSON SECURITY SERVICES,                    PLAINTIFFS
LLC and LIONEL P. JOHNSON


VERSUS                          CIVIL ACTION NO. 5:07cv138-DCB-JMR

ACCEPTANCE INDEMNITY INSURANCE
COMPANY and THE MUIRHEAD AGENCY,
INC.                                               DEFENDANTS

<u>ORDER</u>

Currently pending before the Court is the plaintiffs' Motion to Remand [**docket entry no. 4**].  In opposing the plaintiffs' Motion and alleging the improper joinder of defendant The Muirhead Agency, Inc. ("Muirhead"), defendant Acceptance Indemnity Insurance Company ("Acceptance") urges the Court to "defer ruling on the motion to remand to allow time for limited discovery directed to the factual basis of Muirhead's joinder in this action."  (Acceptance's Memo. Opp. Mot. Remand 2.)

The Court is aware that "[o]rdinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." <u>Smallwood v. Ill. Cent. R.R. Co.</u>, 385 F.3d 568, 573 (5th Cir. 2004).  In this matter, Acceptance "has no quarrel with [the] point[]" that the plaintiffs' "pleadings state a cause of action[]" (Acceptance's Memo. Opp. Mot. Remand 5) under a Rule 12(b)(6) analysis, wherein they make their sole factual assertion against defendant Muirhead that "[it] negligently dat[ed]" a "policy of

1

renewal insurance[]" styled "policy no. CL00021420." (Compl. ¶ 8.)

The Court is also cognizant that "there are cases . . . in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." Smallwood, 385 F.3d at 573. However, a "summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." Id. at 573-74. In Smallwood, the United States Court of Appeals for the Fifth Circuit suggested instances when such pleading piercing may be in order: "For example, the in-state doctor defendant did not treat the plaintiff patient, the in-state pharmacist defendant did not fill a prescription for the plaintiff patient, a party's residence was not as alleged, or any other fact that easily can be disproved if not true." Id. at 574.

In this case, Acceptance insists that "once the pleadings are pierced, the revealed facts do not support the skillfully drafted allegations" and requests "remand-related discovery" to demonstrate its contention. (Acceptance's Memo. Opp. Mot. Remand 5.) Specifically, "Acceptance believes that discovery will show . . . (2) that Muirhead had nothing to do with how the relevant insurance policies were dated[.]" (Acceptance's Memo. Opp. Mot. Remand 2.)

The Court is of the opinion that Muirhead's involvement with

the dating of the renewal policy is a "fact that easily can be disproved if not true." <u>Smallwood</u>, 385 F.3d at 574.  Therefore, the Court finds that this matter is one ripe for piercing of the pleadings and will permit "limited remand-related discovery, and [will] conduct a summary judgment type inquiry thereupon." <u>Boone v. Citigroup, Inc.</u>, 416 F.3d 382, 388 (5th Cir. 2005).  The Court, heeding the Fifth Circuit's admonition that such discovery be kept on "a tight judicial tether, sharply tailored to the question at hand," <u>Smallwood</u>, 385 F.3d at 574, circumscribes the scope of discovery to the issue of Muirhead's involvement in the dating of the renewal policy.[1]  Accordingly,

**IT IS HEREBY ORDERED** that the defendant Acceptance Indemnity Insurance Company shall have twenty (20) days from the date of this Order to conduct remand-related discovery limited to the defendant The Muirhead Agency, Inc.'s involvement in the dating of the renewal of policy no. CL00021420 and to present such materials to

---

[1] Acceptance urges additional angles for development in remand-related discovery (e.g. that Muirhead was the plaintiffs' agent rather than Acceptance's agent).  (Acceptance's Memo. Opp. Mot. Remand 2-4.)  However, the Court believes that the resolution of such issues would not necessarily "preclude plaintiff's recovery against the in-state defendant" and could involve a protracted examination of the merits of the case which would be inconsistent with the limited inquiry permissible under <u>Smallwood</u>. Consequently, at this time the Court declines to order discovery on any additional matters.

the Court for a summary inquiry thereupon.

**SO ORDERED,** this the  28th  day of    September  , 2007.


                                   s/David Bramlette
                              UNITED STATES DISTRICT JUDGE

4