```
              UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF MISSISSIPPI,
                    WESTERN DIVISION
```

L.P. JOHNSON SECURITY SERVICES,                          PLAINTIFFS
LLC and LIONEL P. JOHNSON


VERSUS                           CIVIL ACTION NO. 5:07cv138-DCB-JMR


ACCEPTANCE INDEMNITY INSURANCE
COMPANY and THE MUIRHEAD AGENCY,
INC.                                                     DEFENDANTS

## ORDER

This matter comes before the Court on the plaintiffs' Motion to Remand [**docket entry no. 4**] this case to the Circuit Court of Warren County, Mississippi.  Having carefully considered the plaintiffs' Motion, the defendants' Response and remand-related discovery, applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds and orders as follows:

On April 26, 2007, L.P. Johnson Security Services, LLC, and Lionel P. Johnson filed a complaint with the Circuit Court of Warren County, Mississippi.  In their pleading, the plaintiffs, both citizens of Mississippi, assert a claim for negligence against defendant The Muirhead Agency, Inc. ("Muirhead"), regarded as a citizen of Mississippi, and claims for breach of contract and infliction of emotional distress against defendant Acceptance Indemnity Insurance Company ("Acceptance"), regarded as a citizen of Nebraska and North Carolina, pertaining to the renewal and coverage of an insurance policy.

On June 29, 2007, Acceptance removed the case to this Court asserting diversity of citizenship jurisdiction under 28 U.S.C. § 1332.  Acceptance also claimed that the citizenship of non-diverse Muirhead should be disregarded in evaluating the propriety of the Court's jurisdiction because Muirhead had been improperly joined in the action.  On July 10, 2007, the plaintiffs filed their Motion to Remand [docket entry no. 4], wherein they deny that Muirhead has been improperly joined and urge the Court must remand the case to the Circuit Court of Warren County, Mississippi.

In its Response [docket entry no. 7] and Memorandum [docket entry no. 9] opposing the plaintiffs' Motion, Acceptance stipulated that the plaintiffs state a cause of action against Muirhead in their complaint but posited that, upon a piercing of the pleadings, the revealed facts would not support their allegations.  (Accept. Memo. 5.)  Acceptance then requested that the Court allow it to conduct remand-related discovery directed toward the propriety of the joinder of Muirhead.  By its Order [docket entry no. 11] dated September 28, 2007, this Court permitted Acceptance to conduct discovery limited to the issue of Muirhead's involvement in the dating of the renewal policy in question.  On December 16, 2007, Acceptance presented its discovery findings to this Court, and the plaintiffs filed a response thereto on December 19, 2007.

The plaintiffs' Motion to Remand is now before the Court. Following a review of the remand-related discovery presented, the

Court is of the opinion that the information obtained by Acceptance does not suggest that Muirhead was completely uninvolved with the dating of the renewal policy.  While it may (or may not) be true that the dating of the policy was not Muirhead's decision, the deposition of Muirhead shows that it did take part in actually affixing the date to the policy.  (Muirhead Depo. 45.)  Clearly, this fact could plausibly support the plaintiffs' negligence claim against Muirhead.

Therefore, because the plaintiffs' allegations against Muirhead are not wholly without factual support, Acceptance has failed to show that Muirhead has been improperly joined and that its citizenship should be ignored in determining the propriety of the removal of the action to this Court.

Accordingly, because complete diversity between the plaintiffs and defendants does not exist in this case, the Court finds that it wants for jurisdiction over the subject matter of the action.  Pursuant to 28 U.S.C. § 1447(c), the case must be remanded to the Circuit Court of Warren County, Mississippi.  Therefore,

**IT IS HEREBY ORDERED** that the plaintiffs' Motion to Remand [**docket entry no. 4**] is **GRANTED.**

**SO ORDERED**, this the  9th  day of January 2008.

                                    s/ David Bramlette
                              **UNITED STATES DISTRICT JUDGE**